62 August 5, 2026 No. 744

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

NATHAN L. LORENGEL,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*
A186451

Submitted June 12, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, filed the brief for petitioner.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Reversed and remanded.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision (board) that set petitioner's sex offender notification level at Level III after scoring petitioner at one point on Item 2 of the Static 99R assessment. In his first three assignments of error, petitioner argues that the board erred because it failed to assess petitioner's risk of re-offense at the time of the assessment. In three additional assignments of error, petitioner contends that the board erroneously construed the Static-99 coding manual's rules for scoring Item 2. The board concedes the errors. We reverse and remand the board's order.

In his first, second, and third assignments of error, petitioner contends that the board erred in setting petitioner's sex offender notification level at Level III by failing to factor in the time that petitioner has been in the community without committing a new sex offense. *Allen v. Board of Parole and Post-Prison Supervision*, 334 Or App 447, 557 P3d 178, *rev den*, 373 Or 121 (2024); *Thomsen v. Board of Parole*, 333 Or App 703, 554 P3d 308, *rev den*, 373 Or 81 (2024). The board concedes that it erred under *Thomsen* and *Allen.* In his fourth, fifth, and sixth assignments of error, petitioner contends that the board erred by scoring one point on Item 2, "lived with lover," of the Static-99R. Petitioner argues the board misapplied the Static-99 coding rules in finding that his live-in relationship between 2004 and 2006 did not qualify because petitioner also had lived with his parents during that time and served two short-term jail sentences. The board concedes that under the circumstances presented, the board did not correctly score Item 2.

We agree with and accept the board's concessions, and reverse and remand the board's order for further proceedings. *See Thomsen*, 333 Or App at 717.

Reversed and remanded.